IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; RICK SPRINGFIELD MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC; CYANIDE PUBLISHING; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP, <br><br> Plaintiffs, <br><br> v. <br><br> DR. LIVINGSTON'S INC d/b/a TAVERN 618, NICHOLAS N. PETERSON AND MICHAEL E. ZDUNSKI, <br><br> Defendants. | CIVIL ACTION NO.: 1:24-cv-00190-CB |

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiffs filed the Complaint in this action on July 2, 2024. In compliance with Fed. R. Civ. P. 4(c), Defendants Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski were served with a copy of the Summons, Complaint, and Mandatory Disclosures on July 10, 2024. Copies of the Affidavits of Service, which have been filed with the Court, are attached as Exhibit A collectively.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendants Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski were required to file and serve its Answer on Plaintiffs no later than July 31, 2024. To date, no responsive pleading has been filed or served.

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" which licenses the right to publicly perform a repertoire of 22.4 million copyrighted musical compositions works on behalf of the copyright owners of these works. See 17 U.S.C. § 101 The other Plaintiffs are the copyright owners of the three individual compositions which are the subject of this lawsuit from whom BMI has acquired the non-exclusive public performance rights. Declaration of Anthony Adewumi, Attorney ("Adewumi Declaration"), ¶¶ 2, 3.

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements". Adewumi Declaration, ¶ 2. These agreements have been recognized as the most efficient means to exploit copyright owners' public performance rights.

The Defendants, Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski, each individually, (collectively "Defendants") own and operate Tavern 618 located at 12271 State Highway 618 Conneaut Lake, Pennsylvania 16316, which regularly features performances of live and recorded music. Declaration of John "Jack" Flynn, Assistant Vice President, Licensing ("Flynn Declaration"), ¶ [corresponding paragraph].

Between June 2023 and April 2024, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a blanket license agreement with the Defendants, but the Defendants did not do so. Flynn Declaration, ¶ 3 ,5, 6, 8, and 9.

BMI's records indicate that BMI licensing personnel telephoned the Defendants on 27 occasions and sent several letters. Flynn Declaration ¶¶ 3-8.

The Complaint seeks an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement. In light of Defendants' default, Plaintiffs request judgment awarding each of these forms of relief. Liability for copyright infringement is established where the defendant defaults as "the facts alleged in the pleadings are assumed to be true." Broad. Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995); See also, Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996).

Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. §504(c) (1999). For the four (4) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $16,000.00. This constitutes an award of $4,000.00 for each of the four (4) infringements, a figure that is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants to date had their establishment properly been licensed. (*See* Flynn Declaration ¶ 15.)

Courts consistently have held that a statutory damages award between two and three times the amount of licensing fees that the plaintiff would have received in licensing fees is appropriate under Section 504(c). See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); Broadcast Music, Inc. v. DeGallo, Inc., 872 F. Supp 167, 169 (N.J. 1995); Rodgers v. Eighty Four Lumber Co., 623 F. Supp. 889, 892 (W.D. Pa. 1985). Dream Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed). See also Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994) (reviewing "a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement").

3

Courts considering awards of statutory damages have recognized that awards in the range of $3,000-$5,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. See Divine Mill Music v. Blackmon's Inc., 2008 U.S. Dist. LEXIS 89755 (S.D. Ill. 2008) ( awarding "$ 7,000 per work infringed, for a total principal amount of $ 42,000"); Dream Dealers, 924 F.Supp. at 1153 (awarding $5,000 per violation); Broadcast Music, Inc. v. Entertainment Complex, Inc., 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (awarding $3,909.09 for each of 11 copyright violations).

Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

In any civil action such as this one under the Copyright Act, costs and attorneys' fees are recoverable under 17 U.S.C. § 505. Accordingly, under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. See Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288, 1297 (D.R.I. 1982). In addition to statutory damages, Plaintiffs request an award of costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505. To date, Plaintiffs have incurred attorneys' fees and costs in the amount of $4,457.50. See Affidavit of Jonathan S. McAnney (attached hereto as Exhibit B). This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided. See id   Because no responsive pleading was filed within the time provided by the Rules and by the Court's Order, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs respectfully move this Court for entry of default judgment ordering that:

(a) Defendants [names of defendants], their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restraining from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski pay statutory damages in the amount of $16,000.00, which represents an award of $4,000.00 for each of the four (4) acts of infringement, pursuant to 17 U.S.C. § 504(c);

(c) Defendants Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski pay plaintiffs' costs, including reasonable attorneys' fees and costs in the amount of $4,457.50, pursuant to 17 U.S.C. § 505;

(d) Defendants Dr. Livingston's Inc., Nicholas N. Peterson and Michael E. Zdunski pay interest on these awards pursuant to 28 U.S.C. § 1961.

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

Dated: __9-5__, 2024

By: /s/*Jonathan S. McAnney*
Jonathan S. McAnney
Pa. I.D. #50041
One PPG Place, Suite 1500
Pittsburgh, PA 15222
(412) 594-5584
jmcanney@tuckerlaw.com

*Attorney(s) for Plaintiffs*

TADMS:20530443-1 005068-202332

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; RICK SPRINGFIELD MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC; CYANIDE PUBLISHING; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP<br><br>Plaintiffs,<br><br>v.<br><br>DR. LIVINGSTON'S INC d/b/a TAVERN 618, NICHOLAS N. PETERSON AND MICHAEL E. ZDUNSKI<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-00190 |

## RETURN OF SERVICE

I hereby certify and return that on the __10th__ day of __July__, 2024, at __5:23__ a.m./__p.m.__ I served the Complaint, Civil Cover Sheet and Summons upon Defendant Dr. Livingston's Inc d/b/a Tavern 618 as follows:

__Chris Crain - Bartender (FM)__
Name of Individual Served and Position/Title

__Dr. Livingstons Inc d/b/a Tavern 618__
Name of Defendant Served

__12271 State Highway 618 Conneaut Lake PA 16316__
Address Where Service Was Made



EXHIBIT A

I incurred the following costs in service: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

By _____
Signature of Process Server

Michael P. Fuller
Typed or Printed Name of Process Server

308 Jefferson ST. Meadville PA 16335
Typed or Printed Address of Process Server

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; RICK SPRINGFIELD MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC; CYANIDE PUBLISHING; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP<br><br>Plaintiffs,<br><br>v.<br><br>DR. LIVINGSTON'S INC d/b/a TAVERN 618, NICHOLAS N. PETERSON AND MICHAEL E. ZDUNSKI<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-00190 |

## RETURN OF SERVICE

I hereby certify and return that on the __10th__ day of __July__, 2024, at __4:29__ a.m./__p.m.__ I served the Complaint, Civil Cover Sheet and Summons upon Defendant Nicholas N. Peterson as follows:

__Nicholas Peterson__
Name of Individual Served and Position/Title

__Nicholas Peterson__
Name of Defendant Served

__1825 Peninsula Drive Erie PA 16505__
Address Where Service Was Made

I incurred the following costs in service: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

By _____
Signature of Process Server

Michael P. Fuller
Typed or Printed Name of Process Server

308 Jefferson ST. Meadville PA 16335
Typed or Printed Address of Process Server

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; RICK SPRINGFIELD MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC; CYANIDE PUBLISHING; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP<br><br>Plaintiffs,<br><br>v.<br><br>DR. LIVINGSTON'S INC d/b/a TAVERN 618, NICHOLAS N. PETERSON AND MICHAEL E. ZDUNSKI<br><br>Defendants. | CIVIL ACTION NO. 1:24-cv-00190 |

## RETURN OF SERVICE

I hereby certify and return that on the **10th** day of **July**, 2024, at **5:23** a.m./**p.m.** I served the Complaint, Civil Cover Sheet and Summons upon Defendant Michael E. Zdunski as follows:

**Chris Crain - Bartender (FM)**
Name of Individual Served and Position/Title

**Michael F. Zdunski**
Name of Defendant Served

**12271 State Highway 618, Conneaut Lake PA 16316**
Address Where Service Was Made

I incurred the following costs in service: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

By _____
Signature of Process Server

Michael P. Fuller
Typed or Printed Name of Process Server

308 Jefferson ST. Meadville PA 16335
Typed or Printed Address of Process Server

TADMS.2047367-1.005068-202332

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; RICK SPRINGFIELD MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC; CYANIDE PUBLISHING; BMG RIGHTS MANAGEMENT US LLC d/b/a MUSIC OF EVERPOP, | CIVIL ACTION NO.: 1:24-cv-00190-CB |
| Plaintiffs, | |
| v. | |
| DR. LIVINGSTON'S INC d/b/a TAVERN 618, NICHOLAS N. PETERSON AND MICHAEL E. ZDUNSKI, | |
| Defendants. | |

**AFFIDAVIT OF LEGAL FEES AND COSTS BY JONATHAN S. McANNEY**

COMMONWEALTH OF PENNSYLVANIA     )
                                 )
COUNTY OF ALLEGHENY              )

Jonathan S. McAnney, Esquire upon his oath deposes and says:

1. I am a shareholder in the law firm of Tucker Arensberg, P.C. I am counsel for the Plaintiffs, Broadcast Music, Inc., et al. (hereinafter referred to as "BMI").

2. I have been representing BMI and handling cases for them for over thirty five (35) years.

3. This case was assigned to my law firm in June 2024.



4.  Upon receipt of the case from BMI, I reviewed the investigation file consisting of the logger's notes, infringement data sheets, the correspondence with the Defendants, and the phone logs maintained by BMI. I also reviewed the Complaint which had been forwarded to me by BMI.

5.  From June 2024 through the present, I have been the only attorney handling this case.

6.  My hourly rate in 2024 is $440 per hour. These hourly rates are fair and reasonable for an attorney of my age and experience (I am a 1987 graduate of Syracuse University School of Law).

7.  I have been practicing law since 1987 and am admitted to practice in the Commonwealth of Pennsylvania, as well as the United States District Court for the Western District of Pennsylvania.

8.  Total legal services and costs incurred on the case have been as follows:

| **Fees** | **Costs** | **Total** |
|---|---|---|
| $3,700.00 | $757.50 | $4,457.50 |

*[signature]*
Jonathan S. McAnney, Esquire
PA ID No. 50041

Sworn to and subscribed before me on this 5th day of September, 2024:

*[signature]*
Notary Public

Commonwealth of Pennsylvania - Notary Seal
Stacey L. Sims, Notary Public
Allegheny County
My commission expires March 8, 2028
Commission number 1239784
Member, Pennsylvania Association of Notaries

of Pennsylvania - Notary Seal
L. Sims, Notary Public
Allegheny County
ission expires March 8, 2028
mmission number 1239784
Pennsylvania Association of Notaries

TADMS:20530483-1:005068-202332